

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10481 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-01123-SPL-1 |
| v. | |
| ROBERTO GONZALEZ-LOERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before: TASHIMA and HURWITZ, Circuit Judges, and ADELMAN,[**]
District Judge.

Roberto Gonzalez-Loera ("Gonzalez") appeals his conviction and sentence

for conspiracy to possess with intent to distribute five kilograms or more of

cocaine and fifty grams or more of methamphetamine in violation of 21 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

§§ 841(a)(1), (b)(1)(A)(ii), and (b)(1)(A)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Gonzalez argues that the district court violated Fed. R. Crim. P. 11 by modifying his plea agreement, but has not shown plain error because he has not shown that any alleged error affected substantial rights. *See United States v. Kyle*, 734 F.3d 956, 963, 966 (9th Cir. 2013). Count 1 of the superseding indictment is identical to count 1 of the original indictment with the addition of four additional co-conspirators. Gonzalez argues that this addition had the potential to increase his sentence by expanding the scope of the conspiracy and, thus, the amount of drugs involved. However, a review of the record shows that the addition of four additional co-conspirators did not in fact affect the Guidelines range or Gonzalez's ultimate sentence. Nor does the evidence suggest that Gonzalez would not have pled guilty to count 1 of the superseding indictment; on the contrary, his initials by every insertion of the word "superseding" in the plea agreement indicate that he intended to plead to that count.

2.      Gonzalez also raised a double jeopardy challenge. But this challenge is waived under the valid and binding appellate waiver in Gonzalez's plea agreement. *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1028 (9th Cir. 2000).

**3.** Gonzalez argues that the court intruded upon the prosecutor's charging decision by requiring him to plead to count 1 of the superseding indictment. But, the government intended him to plead to this count. The references in the plea agreement to the original indictment were simply and unintended oversight. Therefore, the court did not force the prosecution to bring "a charge it did not want to bring." *In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (en banc).

For the foregoing reasons, the judgment of conviction is **AFFIRMED**.